IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DELPHI INVESTMENT GROUP, )
LLC, as assignee of Millennium )
Medical Trust, Inc., )
    Plaintiff, )   Case No: 3:20-cv-0007
 )   Judge Campbell/Frensley
v. )
PERRY COMMUNITY HOSPITAL, )
LLC, )
    Defendant. )

**REPORT AND RECOMMENDATION**

Pending before the Court is Defendants Motion to Set Aside Entry of Default (Docket No. 30) pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. The Defendants have filed a supporting memorandum of law. Docket No. 31. The Plaintiff has filed a response in opposition to the Defendants' motion. Docket No. 34. The matter was referred to the undersigned for entry of a Report and Recommendation as to the Motion. Docket No. 39. For the reasons stated herein, the undersigned recommends that the Motion to Set Aside Entry of Default (Docket No. 30) be GRANTED.

**I. BACKGROUND**

This action was filed on January 3, 2020. Docket No. 1. A summons was returned executed as to Defendant Perry County Hospital, LLC, on February 3, 2020. Docket No. 8. An Answer was filed to the Complaint on February 5, 2020. Docket No. 9. The pleading purporting to answer the Complaint was not signed, did not have an address, phone number or other contact information for the person filing the response. *Id.* The pleading was filed via Federal Express and the envelope contained sender identification for an individual named Jason Weil and an address in Longwood, Florida. *Id.* at p. 11.

On April 15, 2020, the Plaintiff moved to strike the pro se answer (Docket No. 18) and for entry of default (Docket No. 15). The Plaintiff's Motion to Strike the Answer was granted (Docket No. 25) and the Clerk of Court entered an Order granting the Motion for Entry of Default (Docket No. 21). Thereafter, on May 4, 2020, the Plaintiff filed a Motion for Default Judgment. Docket No. 23. On May 18, 2020, counsel entered an appearance on behalf of the Defendant and filed contemporaneously, the instant motion to set aside default. Docket No. 30. The Motion was referred to the undersigned for Report and Recommendation on August 22, 2020. Docket No. 39.

## II. LAW AND ANALYSIS

### A. Service of Process

Rule 4(h) of the Federal Rules of Civil Procedure governs service of corporations and other business entities. The following types of service are available:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual [i.e., following state laws for serving summons in an action brought in courts of general jurisdiction where the district court is located or service is made]; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . .

Fed. R. Civ. P. 4(h)(1).

Thus, service may be under applicable state law, or process may be "delivered" to an officer, managing or general agent, or other authorized agent.

### B. Motion to Set Aside Default

Following a clerk's entry of default under Fed. R. Civ. P. 55(a), a Plaintiff may request default judgment and award damages under Rule 55(b). Federal Rules of Civil Procedure 55(a)–

(b). Rule 55 (c) of the Federal Rules of Civil Procedure provides that the Court may set aside an entry of default for good cause and it may set aside a final default judgment under Rule 60(b). Fed. R. Civ. P. 55(c). The standard for setting aside a default judgment is higher than that for entry of default. "When the Defendant seeks relief from a default that has been entered by the clerk upon Plaintiff's request, the district court enjoys considerable latitude under the 'good cause shown' standard." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F 2d 290, 292 (6th Cir. 1992). "What constitutes good cause for setting aside an entry of default is within the discretion of the court." *Seye v. Community Yellow Cab NKMgmt, LLC,* 2011 WL 3739142, *1 (E. D. Ky. Aug. 2, 2011)(citing 10A Fed. Prac. & Proc. § 2696 (2011)); *see also Krowtoh II LLC v. ExCelsius Intern. Ltd,* 330 Fed. Appx. 530, 534(6th Cir. 2009)("This Court reviews the district court's decision to deny a motion to set aside an entry of default for an abuse of discretion."). In determining whether "good cause" for setting aside an entry of default is been shown, the Sixth Circuit has instructed courts to consider three equitable factors: (1) whether culpable conduct of the Defendant led to the Defendant's default, (2) whether the Defendant has a meritorious defense, and (3) whether the Plaintiff will be prejudiced. *Burrell v. Henderson*, 434 F. 3d 826, 831-32 (6th Cir. 2006); *United Coin Meter Co. v. Seaboard Coastline R.R.* 705 F 2d 839, 844-46 (6th Cir. 1983) (setting forth the "good cause" standard in the Sixth Circuit and finding that the district court erred in reaching a determination of no good cause without considering all three factors).

**C.     The Case at Bar**

**1.     Service of Process.**

Paragraph 2 of the Plaintiff's claimant alleges:

2. The Defendant ["Community"] Hospital, LLC ("Defendant") is a Tennessee Limited Liability Company with a principal place of business at 2718 Squirrel

3

> Hollow Drive, Linden, Tennessee 37096-3526. The Defendant is managed by Nelmed Holdings, LLC, a Delaware Limited Liability Company which has a principal place of business at 13630 N.W. 8th Street, Sunrise, Florida 33325. The Defendant is subject to service of process through the Registered Agent of its Manager pursuant to Fed. R. Civ. P. 4(h)(1)(B) C.T. Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

Docket No. 1.

On February 3, 2020, the Plaintiff filed an affidavit of service indicating Nelmed was served through C. T. Corporation System on January 15, 2020. Docket No. 8. On February 5, 2020, counsel for the Plaintiff was contacted by a law firm on behalf of the Defendant indicating that the Defendant had been served on January 15, 2020 and requesting an extension of time to respond to the Complaint. Docket No. 34-1. The communication indicated counsel had not yet been retained but had been contacted by the Defendant regarding representation. *Id.* The Plaintiff contends that because they asserted in their Complaint that Nelmed is the managing agent of the Defendant, service on Nelmed is appropriate and complies with the requirements of the Federal Rules of Civil Procedure.

The Defendant does not directly contest or address the allegation that the Defendant is managed by Nelmed. Docket No. 31. Instead, they argue that the Complaint was not personally delivered to Perry Community Hospital or delivered to any agent designated to accept service for Perry Community Hospital. Docket No. 31, pp. 3-4.

While it remains unclear what role Nelmed plays in managing the Defendant, they must have some relationship to the Defendant given the communication that Plaintiff received from prospective defense counsel acknowledging service on January 15, 2020, and the subsequent pro se answer to the complaint. Because there is nothing in the Defendant's motion or supporting memorandum contradicting the asserted role of Nelmed, the Court finds that service of process through Nelmed was appropriate under the Federal Rules of Civil Procedure.

## 2. Good Cause to Set Aside Default

The determination that service was proper does not end the inquiry with regard to default. As noted above, a court may set aside an entry of default for good cause under Rule 55(c) of the Federal Rules of Civil Procedure. In reaching that decision, the court must address the equitable factors outlined by the Sixth Circuit recognizing the harshness of default and the strong preference for resolving cases on the merits.

### i. Whether Culpable Conduct of the Defendant Led to the Default

The Court should consider whether a Defendant's culpable conduct led to the default "in the general context of determining whether petitioner is deserving of equitable relief." *Waifersong Ltd*, 976 F 2d at 292. A Defendant's conduct must be "either an intent to thwart judicial proceedings or reckless disregard for the effect of its conduct on these proceedings" to be treated as culpable. *Southern Elec. Health Fund v. Bedrock Servs.,* 146 Fed. Appx. 772, 777 (6th Cir. 2005) (citations omitted). Simple carelessness on behalf of the Defendant is insufficient. *Id*.

The Defendant argues that the entry of default should be set aside on the grounds that service of process may not have been effective under the Federal Rules of Civil Procedure or alternatively, that good cause exists to set aside the default. Docket No. 30. Plaintiff responds that service was proper through the Defendant's managing agent and that good cause does not exist to set aside the default. Docket No. 34.

The undersigned cannot find that the Defendant's intent was to thwart or disregard the proceedings. Upon receiving service, it appears that they attempted to retain counsel to represent them and thereafter attempted, though misguidedly, to respond to the Complaint pro se. While they did not respond to the motion for default; within days after its entry, they obtained counsel who entered an appearance, filed the motion to set aside default and filed an Answer to the

complaint. While the Plaintiff characterizes these efforts as delay tactics, which they may be, they do not reflect an effort to disregard the litigation or evidence an intent to thwart the proceedings such as to be unworthy of equitable relief.

### ii. Whether the Defendant Has A Meritorious Defense

To establish the existence of a "meritorious defense" the Defendant does not have to demonstrate the likelihood of success, but simply must state a defense that is "good law." *Southern Elec. Health Fund v. Bedrock Servs.*, 146 Fed. Appx. 772, 777 (6th Cir. 2005) (citation omitted). The primary consideration to this inquiry is "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.*

The Plaintiff argues that it has a meritorious defense to the complaint that would absolve it from any liability under the claims asserted. Docket No. 31. The Defendant does not contest whether any such defense exists. Rather, they argue that the defense presumably existed when Plaintiff moved for entry of default and the defense was not asserted timely. Docket No. 34, p. 9.

It appears the Defendant has met this burden. If this element turned on the issue of timeliness of raising the defense, it would cease to be an element of good cause. In every case of default, the party in default failed to make a timely assertion of its defenses or claims. Thus, the fact that the Defendant did not assert its defenses prior to the entry of default is not dispositive. This factor weighs in favor of setting aside default.

### iii. Whether the Plaintiff Will Be Prejudiced

Under the third factor, mere delay is insufficient to establish prejudice. *INVST Fin. Group Inc. v. Chem-Nuclear Systems, Inc.,* 815 F 2d 391, 398 (6th Cir. 1987). For there to be prejudice, the setting aside of entry of default "must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Southern Elec.*

6

*Health Fund v. Bedrock Servs.*, 146 Fed. Appx. At 778. Default judgments are disfavored and there must be "strict compliance with the legal prerequisites establishing the court's power to render the judgment." *Walton v. Rogers*, 860 F 2d 1081 (6th Cir. 1988). Default judgment "is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Company v. Seaboard Coastline R. R.,* 705 F 2d 839, 844-46 (6th Cir. 1983) "In general, [the Sixth Circuit's] cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulting party…." *United States v. $22,050 U. S. Currency*, 595 F. 3d 318, 322 (6th Cir. 2010).

The Defendant argues that the Plaintiff will not be prejudiced by setting aside the entry of default. Docket No. 31, p. 7. The motion to set aside was filed less than three weeks after the Motion for Default was granted and no default judgment has been entered. *Id.* Defendant further argues that no scheduling order has been entered by the Court or trial date set. *Id.* They argue that if set aside, the Defendant would seek to minimize further delays in the matter. *Id.*

The Defendant argues that setting aside default would result in prejudice because it would then have to prove the elements of its case rather those elements being admitted by default. Docket No. 34, pp. 9-10. They argue that this is the essence of prejudice. As a result, they contend that this element weighs in their favor. *Id.*

As with the second element, the Plaintiff's argument is unavailing. If the Plaintiff is correct, this element could never support setting aside the entry of default. Because the Plaintiff has not identified any prejudice of the type described in the relevant case law such as the destruction or loss of evidence, difficulties of discovery or greater opportunity for fraud or collusion, this factor weighs in favor of setting aside default. Apart from some minimal delay in advancing the case, the Court find no significant prejudice to the Plaintiff.

7

# III. CONCLUSION

For the reasons, set forth herein, the undersigned finds that service of process was sufficient under the Federal Rules of Civil Procedure but that good cause exits under Fed. R. Civ. P. 55(c) and therefore, recommends that the Defendant's Motion to Set Aside Entry of Default (Docket No. 30) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**IT IS SO ORDERED.**

 **JEFFERY S. FRENSLEY**
 **United States Magistrate Judge**